# EXHIBIT D

# CARTER LEDYARD MILBURN

Alan S. Lewis
Partner
lewis@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8647

April 12, 2024

Elissa Cohen, Esq.
Associate General Counsel
Vox Media, Inc.

elissa.cohen@voxmedia.com

Re:   New York Magazine Article Entitled "A Hidden Sexual Assault Scandal at the New York Philharmonic:

Dear Ms. Cohen:

    Now that the Article has been published, I write to strenuously object to its content, which blatantly defames Mr. Wang, and to demand that immediate corrections be made to the Article online, and to any other version before you publish it, to cure it of its defamatory meaning.

    The Article is almost entirely about the allegations made by Cara Kizer - that she was purportedly drugged and raped in Vail Colorado in 2010 – and what the Article *portrays* as the related firing, not only of Matthew Muckey, but also of our client.  The purported sexual assault of Ms. Kizer is the **only** alleged assault described in the Article, and the subtitle of the Article immediately and falsely ties Mr. Wang to this accusation.

    As you surely know, the legal standard for assessing defamatory meaning involves what the average reader would understand from the publication.  Here, the average reader will easily read the Article as accusing Mr. Wang of participation in the alleged rape of Cara Kizer. Evidencing this, readers are *already* posting online comments reflecting that understanding, including one that includes the comment with the phrase:  "rapists [plainly including Mr. Wang] who drug their coworkers [a clear reference to Kizer]."

    *Before* New York Magazine published the Article, I communicated to you and to Laura Thompson, in no uncertain terms, that Ms. Kizer did *not* accuse Mr. Wang of *any* misconduct. New York Magazine ignored this crucial information, which is an undisputed fact, in its rush to publish a hit piece.

    Other content in the Article reflects its gross irresponsibility and clear bias. For example, the Article quotes an unidentified person "describ[ing] Wang as 'sleazy."  Even worse, the Article publishes the personal, unedifying, and unsupported negative opinion of a person the Article does not even identify by name, reporting that he speculates that Mr. Wang might theoretically be "capable" of "drugging someone to commit a crime."   That is deliberate character

**CARTER LEDYARD MILBURN**                                                      -2-

assassination by innuendo.  The only purpose for those offensive and otherwise irrelevant and disparaging statements is the bad faith and malicious intent to cause readers to think, inaccurately, that Kizer and/or the Philharmonic had accused Mr. Wang of misconduct in Vail and to otherwise encourage readers to *assume* the absolute worst of Mr. Wang.

In light of these failures, I have also modified the statement that we demand that you publish and which I ask that you also attribute to me, by name, as Mr. Wang's attorney.

*Liang Wang was never accused of any misconduct directed against Cara Kizer, either by Kizer or, at the Arbitration, the Philharmonic.  The Arbitrator determined that the Philharmonic had failed to prove that it had just cause to terminate Liang and ordered that he be reinstated and made whole for all contractual benefits lost, including full back pay and seniority.  Contrary to any implication otherwise, the arbitrator did not apply an unusual or atypical burden of proof.  Once all of the facts were fully examined, the Arbitrator concluded that the Philharmonic had failed to prove any misconduct by Liang.*

In sum, we demand that New York Magazine immediately revise the Article to: (1) itself state clearly that the allegations made by Kizer were NOT against Mr. Wang; (2) remove both the anonymous comments characterizing Liang as "sleazy" and the above-described unnamed person's negative personal opinion of Mr. Wang; and (3) include my above statement in the Article.

All rights are reserved.

Sincerely,

*Alan Lewis*

Alan S. Lewis