August 29, 2024

**VIA ECF**

Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 15
New York, NY 10007-1312

    Re:    *Wang v. Sussman, et al.*, No. 1:24-cv-03987 (AS), [rel. 1:24-cv-03356 (AS)]

Dear Judge Subramanian:

    Pursuant to the Court's Notice of May 30, 2024 (Docket #11) and Order of July 24, 2024 (Docket #32), the parties submit this joint letter.

    I.        Statement of the Case

    Plaintiff Liang Wang brings causes of action for defamation against Sammy Sussman, Vox Media, LLC and New York Media, LLC.  The first claim alleges that an article titled "A Hidden Sexual-Assault Scandal at the New York Philharmonic: two musicians were fired for sexual misconduct.  Why are they back with the orchestra?" (the "Article"), authored by Sussman and published by the LLC's in April 2024 made numerous false statements by implication about Wang, including that he drugged a probationary musician and was terminated by the Philharmonic for doing so.  The second cause of action alleges that on April 30, 2024, Sussman repeated some of the defamatory statements contained in the article on a podcast titled the Inline G Flute podcast (the "Podcast").

    Defendants, in a motion to dismiss filed on July 22, 2024, argued that Plaintiff failed to plausibly allege his claims.  In particular, as to the allegation that the Article impliedly defamed Plaintiff by claiming he drugged Cara Kizer, Plaintiff has not adequately alleged that the Article contained that allegedly defamatory implication and/or that the Defendants intended or endorsed it. In any event, the Article is a fair report of a police investigation and is, therefore, privileged pursuant to N.Y. Civ. Rights Law § 74. Defendants also argued that the Plaintiff has not adequately alleged the Article impliedly defamed him by claiming he was terminated because of the alleged assault on Kizer because the Article did not contain that implication and, in any event, the alleged defamatory gist was substantially true.  Defendants also argued Plaintiff failed to adequately allege that Defendants acted with actual malice as to both of these alleged implications.  Finally, Defendants argued that Plaintiff has not adequately alleged that the Podcast defamed him because all of the challenged statements are substantially true, and/or privileged under N.Y. Civ. Rights Law § 74, and the Complaint fails to plausibly allege that Sussman acted with actual malice in making the statements on the Podcast.

    Plaintiff plans to vigorously dispute each of these defenses in his opposition brief due September 9, 2024.

11337078.2

II.    Jurisdiction and Venue

The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds $75,000.00 and the Plaintiff resides in a different state than Defendants.

Plaintiff resides in New Jersey. Defendant Sammy Sussman resides in New York.

Vox Media, LLC is a Delaware Limited Liability Corporation and maintains its principal place of business in Washington, DC.

New York Media, LLC is a wholly-owned subsidiary of Vox Media, LLC and maintains its principal place of business in Washington, DC.

Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) as it is district where all defendants reside and where the article was published.

III.    Deadlines

The initial pretrial conference is scheduled for September 5, 2024.  Plaintiff's opposition to Defendants' motion to dismiss is due on September 9, 2024 and Defendants' reply is due October 7, 2024.  The parties jointly propose to extend the deadline for initial disclosures pursuant to FRCP 26(a)(1) to October 2, 2024.

IV.    Outstanding Motions

By Notice of Motion dated July 22, 2024 (Docket #23), Defendants filed a motion to dismiss all causes of action.  Plaintiffs responsive brief is due September 9, 2024 and Defendants' reply brief is due October 7, 2024 pursuant to this Court's order dated August 1, 2024 (Docket #34).

V.    Discovery

The parties held a 26(f) conference on August 20, 2024.  The parties have prepared a proposed case-management plan.  The parties disagree as to whether discovery should begin upon completion of motion briefing or upon decision of the Court on Defendants' motion to dismiss.  Plaintiffs advocate for the earlier commencement of discovery, as discovery will be key to proving certain elements of Plaintiff's defamation claim, including fault and whether there are other potential parties to be joined.  Defendants advocate for a stay given their opinion that the pending motion is meritorious, that discovery is likely to be burdensome and that there is no prejudice to Plaintiff due to a slight delay. In Plaintiff's opinion he will likely defeat the motion and would be prejudiced by a stay and the ensuing delay. There are currently no pending discovery deadlines.

VI.    Settlement

The parties have discussed settlement and do not see that as likely at this point in the case.

11337078.2

VII.    Alternative Dispute Resolution

The parties have discussed the possible use of alternative dispute resolution mechanisms, and have concluded that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would not be appropriate at this juncture.


Carter Ledyard & Milburn LLP

*/s/ Alan Lewis*
28 Liberty Street, 41st Floor
New York, NY 10005
Tel.: (917) 533-2524
Lewis@clm.com
*Attorney for Plaintiff Liang Wang*

Davis Wright Tremaine LLP

*/s/ Katherine M. Bolger*
1251 Avenue of the Americas, Floor 21
New York, NY 10020
Tel.: (212) 402-4068
katebolger@dwt.com
*Attorneys for Defendants Sammy Sussman, Vox Media, LLC, and New York Media LLC*


11337078.2