

21st Floor
1251 Avenue of the Americas
New York, NY 10020

**Katherine M. Bolger**
212.489.8230 tel
212.489.8340 fax

Katebolger@dwt.com

August 29, 2024

> The motion for a stay is GRANTED in part. Until October, the parties here will be focusing their attention on briefing the motion to dismiss, so there's little prejudice to staying discovery in the immediate term. The September 5, 2024 conference is adjourned to November 6, 2024 at 2 p.m., at 500 Pearl Street, Courtroom 15A. The Court will review the papers when the motion is fully submitted and then will advise the parties on or before the date of the conference as to whether the stay will be continued. However, defendants should be aware that if the stay is lifted and/or the motion is denied, they should expect discovery to proceed at an expedited clip from that point forward. So be prepared.
>
> The Clerk of Court is directed to terminate the motion at Dkt. 36.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Dated: August 30, 2024

**VIA ECF**
Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St. Courtroom 15
New York, NY 10007-1312

Re:    *Wang v. Sussman et al.*, No. 1:24-cv-03987-AS

Dear Judge Subramanian:

This firm represents Defendants Sammy Sussman ("Sussman"), Vox Media, LLC, and New York Media LLC (collectively, "Defendants") in the above-referenced action. Pursuant to Local Rule 7.1(d) and Paragraph 3(E) of this Court's Individual Practices in Civil Cases, we write to respectfully request that the Court enter an order under Federal Rule of Civil Procedure 26(c) staying discovery in this case, other than initial disclosures under Rule 26(a), until after the Court has decided Defendants' pending motion to dismiss for failure to state a claim. No deadline to complete discovery has yet been entered. Defendants have not previously requested a stay of discovery. Plaintiff Liang Wang does not consent to Defendants' request because he believes discovery should proceed after briefing on the motion to dismiss is completed. The parties are next scheduled to appear before the Court for an initial pretrial conference on September 5, 2024. The reasons for and the good cause supporting Defendants' request are set forth below.

On May 23, 2024, Plaintiff filed a Complaint in this Court asserting claims for defamation based on 1) an article published by Defendants and 2) statements Sussman made on a podcast. Both publications involve allegations of sexual assault made by Cara Kizer, a French horn player in the New York Philharmonic, against Matthew Muckey, a trumpeter in the Philharmonic. Plaintiff is mentioned in the article as having been present in the apartment where the alleged assault occurred. The Article and Podcast also report on the Philharmonic's dismissal of Muckey for allegations of sexual misconduct (including those involving Kizer), and of Plaintiff for separate allegations of sexual misconduct. Finally, the publications discuss the subsequent arbitration that reinstated both men.

On July 22, 2024, Defendants moved to dismiss the Complaint for failure to state a claim under Rule 12(b)(6). *See* ECF Nos. 23-27. Plaintiff's opposition to the motion is due on September 9, 2024, and any reply on October 7, 2024. *See* ECF No. 34.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Hon. Arun Subramanian
August 29, 2024
Page 2

Defendants respectfully request that discovery in this case be stayed pending the Court's decision on Defendants' motion to dismiss. "Upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c)." *Oliver v. City of New York*, 540 F. Supp. 3d 434, 435 (S.D.N.Y. 2021) (internal quotes omitted). "In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion," and any prejudice that would result from the stay. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). Here, each of these factors supports granting Defendants' request to stay discovery.

***First***, a stay of discovery is appropriate where, as here, the motion "appear[s] to have substantial grounds." *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (alteration in original) (internal quotes omitted); *see Rivera v. Heyman,* No. 96-cv-4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (granting stay where motion to dismiss was not "merely a delay tactic" and had more than a "minimal probability of success"). Defendants' motion, which offers numerous independent grounds for dismissing Plaintiff's Complaint, is meritorious.

- As to Plaintiff's claim that the Article implies he drugged Kizer, Defendants' motion is likely to succeed. The Article did not intend or endorse such an implication but presented Kizer's allegations as such and supplied the other side of the story. ECF No. 25 at 7–9. The Article is, in any case, nonactionable under New York's fair report privilege because it fairly and accurately describes a police investigation, and any defamatory implication arising from that description is also protected. *Id.* at 9–13; *see* N.Y. Civ. Rights Law § 74.

- As to Plaintiff's claim that the Article implies Plaintiff was fired for misconduct against Kizer, the Article explicitly disavowed such an implication, and, in any event, such an implication would not be materially false. ECF No. 25 at 13–15.

- The Article is additionally nonactionable because the Complaint does not plausibly allege Defendants acted with actual malice, as it must under New York's applicable Anti-SLAPP law (and because Plaintiff is a public figure under New York law). *Id.* at 15–16, 15 n.2.

- As to Plaintiff's claim as to the Podcast, the motion explains that all of the challenged statements are substantially true, several are mischaracterized by the Complaint, and two are additionally protected as fair reports. *Id.* at 18–20. The Complaint, moreover, fails to plausibly allege that Sussman acted with actual malice. *Id.* at 20.

In short, the strength of the pending motion favors a stay of discovery.

***Second***, discovery in this case is likely to be far-reaching, expensive, and wrought with complications. Because "[t]ruth is an absolute defense to a libel action," *Boehner v. Heise,* 734 F. Supp. 2d 389, 398 (S.D.N.Y. 2010), Defendants are necessarily required to take discovery concerning the substantial truth of, for example, the alleged implications that Plaintiff drugged Kizer and that he was fired for sexual misconduct. This will involve seeking documents and depositions (about events that occurred between 4 and 14 years ago) from numerous individuals, including women who report having been sexually assaulted and harassed by Plaintiff, witnesses to the events surrounding those alleged assaults, and members and administrators of the New York Philharmonic, law enforcement officers, an arbitrator, and Barbara Jones, a former judge of this

court who investigated the separate allegations against Muckey and Wang. Moreover, Plaintiff will undoubtedly attempt to take extensive discovery from Defendants, which will require Defendants not only to undertake the financial burden of document collection and review, but also require Defendants to litigate complicated issues related to confidential sources and the application of New York's shield law. *See Freeze Right Refrig. & Air Cond. Servs., Inc. v. City of N.Y.,* 101 A.D.2d 175, 181 (1st Dep't 1984) ("[C]ourts should not be oblivious to the crippling financial burden which the defense of libel claims entails, even for major news organizations, and the consequent chilling effect this burden can have on the dissemination of news.").

**Third**, a stay of discovery would not impose undue prejudice on Plaintiff. Indeed, where, as here, a straightforward application of governing law requires dismissal of a plaintiff's claims, courts in this District regularly grant motions to stay since a "delay in discovery without more does not amount to undue prejudice." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-cv-7572, 2021 WL 1893316, at *3 (S.D.N.Y. May 10, 2021) (citing *Spinelli v. NFL*, No, 13-cv-7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("'[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.'" *Id.*)). This is particularly true where, as here, Defendants were served with a copy of the Complaint a little over two months ago, the parties agreed to exchange initial disclosures on October 2, 2024, and Plaintiff himself has suggested that discovery begin only after briefing on the motion to dismiss is completed.

Moreover, the requested stay is for a "short period of time," *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002), since Defendants' motion will be fully briefed and ready for a decision by October 7, 2024. Given New York courts' repeatedly recognition that "a defamation suit may be as chilling to the exercise of First Amendment freedoms as fear of the outcome of the lawsuit itself," and that "courts should, where possible, resolve defamation actions at the pleading stage," *Adelson v. Harris*, 973 F. Supp. 2d 467, 481 (S.D.N.Y. 2013) (internal quotes omitted), *aff'd*, 876 F.3d 413 (2d Cir. 2017), there is ample good cause to stay discovery. *See also* various orders of J. Nathan, *BYD Company Ltd. v. VICE Media LLC*, No. 20-cv-03281-AJN (S.D.N.Y. August 14, 2020) ECF No. 13 (in defamation action, staying discovery pending briefing on motion to dismiss) and ECF No. 35 (December 3, 2020) (after oral argument, staying discovery until after decision on motion to dismiss); Order of J. Broderick, *Flynn v. Weissmann*, No. 24-cv-02409-VSB (S.D.N.Y. June 6, 2024), ECF No. 51 (in defamation action, staying discovery pending decision on motion to dismiss); Order of J. Furman, *Ratermann v. Pierre Fabre USA, Inc., et al.*, No. 1:22-cv-00325-JMF, (S.D.N.Y. May 13, 2022), ECF No. 65 (in N.Y. Civ. Rights Law § 51 action, staying discovery after oral request during status conference); Order of J. Furman, *Mirafuentas v. Forbes Media LLC,* No. 1:14-cv-09921-JMF (S.D.N.Y. February 25, 2015), ECF No. 21, (in defamation action, adjourning initial conference, and thus discovery, pending motion to dismiss)

Based on the foregoing, Defendants respectfully request that the Court issue an order staying all discovery in this action until the resolution of Defendants' motion to dismiss.

Respectfully submitted,
*/s/ Katherine M. Bolger*