# CARTER LEDYARD MILBURN

**Alan S. Lewis**
Partner
lewis@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8647

December 26, 2024

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

  Re: *Wang v. Sussman et al.*, No. 1:24-cv-03987-AS

Dear Judge Subramanian:

  We represent Liang Wang ("Plaintiff"), in the above referenced action. With Defendants' assent and pursuant to Paragraph 11(B) and (C) (ii) – (iii) of this Court's Individual Practices in Civil Cases, Plaintiff respectfully requests the Court's permission to have portions of the official transcript for the oral argument on Defendants' Motion to Dismiss held on November 20, 2024 ("Oral Argument"), redacted to the extent it describes or quotes confidential information that was previously filed in this action under seal.

  Specifically, Defendants previously sought, and the Court granted (see ECF 31), permission to file under seal (with redacted public versions) two exhibits to the Declaration of Kate Bolger: (1) the decision in *In the Matter of The Arbitration Between Associated Musicians of Greater New York, Local 802, American Federation of Musicians and The Philharmonic-Symphony Society of New York, Inc.*, concerning the dismissals of Plaintiff Liang Wang and another musician ("Arbitration Decision" see ECF 26-5, 27-5); and (2) certain investigative files from the Vail Police Department ("Police Report" ECF 26-4, 27-4). The Court has also granted subsequent requests to seal and redact all filings citing to confidential portions of those materials. See, e.g., ECF 42, ECF 51.

  During the Oral Argument, counsel on both sides freely discussed the contents of the sealed exhibits to assist the Court in resolving the pending motion.[1] As a result, the transcript contains detailed references to the Arbitration Decision and the Police Report, including statements from witnesses. As alleged in the complaint (ECF 1, at 5, FN3) and noted in the initial motion to seal, witnesses in the arbitration were assured that they could discuss sensitive topics with the assurance that their testimony and identities would remain undisclosed. Other than Cara Kizer, none of these witnesses have consented to public disclosure. Therefore, Plaintiff respectfully requests that all publicly available versions of the official transcript be redacted.

---

[1] Examples of those discussions include Tr. 16:20-17:4, 17:24-18:5, 44:16-45:6, 62:11-62:21, 64:24-65:22.

Carter Ledyard & Milburn LLP / clm.com

**CARTER LEDYARD MILBURN**                                                                                  -2-

The official transcript is scheduled to be made remotely publicly available on after March 3, 2025.  See ECF 61.

  Although courts have long recognized a general right of public access to judicial records, that right is not absolute, and courts have discretion to deny access where files may be improperly used. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."). The presumption of a right of public access may be overcome by a showing that there are countervailing interests such as "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  Where "[t]he privacy interests of innocent third parties" are involved, such interests "should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995).

  In this case, the requested redactions align with the Court's prior sealing orders and are narrowly tailored to protect the "privacy interests of innocent third parties." *See Lugosch*, 435 F.3d at 124.  The proposed redactions all relate to testimony concerning sensitive subjects by witnesses who offered such testimony during a confidential arbitration and have never consented to public disclosure. Releasing such information risks significant harm to the privacy and reputational interests of these individuals.

  Defendants have no objection to the proposed redactions.  Plaintiff has contemporaneously filed under seal a copy of the official transcript, with text proposed for redaction highlighted.  Should the Court grant the motion, Plaintiff would convert the highlighted text to redacted text and submit the redacted transcript to the court reporter to be used for all publicly available filings of the official transcript.

              Respectfully,

              */s/ Alan S. Lewis*

              Alan S. Lewis

cc:  Counsel of Record (via ECF)