# CARTER LEDYARD MILBURN

**Alan S. Lewis**
Partner
lewis@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8647

February 6, 2025

**VIA ECF**

Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 15
New York, NY 10007-1312

Re:   *Wang v. Sussman, et al.*, No. 1:24-cv-03987 (AS) (RWL),
      [rel. 1:24-cv-03356 (AS) (RWL)], [rel. 1:24-cv-03348 (AS) (RWL)]

Dear Judge Subramanian:

On behalf of the Plaintiff, we write to request that the Court adjourn further briefing and decision on Defendants' recently filed motion for fees (ECF ## 68-72). The motion calls for the briefing of several complex issues—only some of which were briefed by Defendants in their motion. In any event, the motion is at least reasonably likely to be rendered moot by the outcome of either (or both) of two different appeals to the Second Circuit—(i) the appeal that Mr. Wang will be filing imminently from this Court's dismissal of his lawsuit; and (ii) a pending appeal in a case on which Defendants rely for their position that anti-SLAPP fees are available in federal court, *Bobulinski v. Tarlov*, ___ F. Supp. 3d ___, 2024 WL 4893277 (S.D.N.Y. Nov. 26, 2024) ("*Bobulinski*").

If Mr. Wang were to oppose the motion, he would brief *at least* three complex legal issues (in addition to fact intensive questions relating to the reasonableness of the specific fee request). *The first legal question* involves whether the fee shifting provision of New York's anti-SLAPP law (Civil Rights Law § 70-a) is unenforceable in federal court as a procedural provision not consistent with the Federal Rules of Civil Procedure. Many district courts in the Second Circuit have held that Section 70-a does not apply in federal court. *See, e.g.*, *Kesner v. Buhl*, 590 F. Supp. 3d 680 (S.D.N.Y. 2022) ("The Court accordingly grants Kesner's motion to dismiss Buhl's counterclaim based on § 70-a, because, as in *Abbas*, *Reid*, and *Nat'l Academy*, granting relief under § 70-a would require the Court to apply a state procedural standard that conflicts with the Federal Rules of Civil Procedure."); *Nat'l Acad. of TV Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 551 F. Supp. 3d 408 (S.D.N.Y. 2021) ("§ 70-a of New York's anti-SLAPP law is inapplicable in federal court*.*"); *CDC Newburgh Inc. v. STM Bags, LLC*, 2023 U.S. Dist. LEXIS 165312 (S.D.N.Y. 2023) ("The Court agrees with Plaintiff that it should deny Defendant's request to file an anti-SLAPP counterclaim. Numerous other courts in this Circuit have concluded that New York's anti-SLAPP law does not apply in federal court."); *LoanStreet, Inc. v. Troia*, 2023 U.S. Dist. LEXIS 159539 (S.D.N.Y. 2023) ("Multiple courts in this district have concluded that "§ 70-a is inapplicable in federal court."); *Prince v. Intercept*, 634 F. Supp. 3d 114 (S.D.N.Y. 2022) ("Plaintiff opposes Defendants' position, arguing that § 70-a does not apply

in federal court. "The Court agrees."). To be sure, in *Bobulinski*, Judge Oetken reached the opposite conclusion, but that determination is itself on appeal to the Second Circuit. Given that *Bobulinski* is against the weight of authority in this District, it is at least reasonably likely that the pending appeal in *Bobulinski,* which is being prosecuted as an expedited appeal under the Circuit's rules, will result in a holding prohibiting the application of Section 70-a in federal court, thus rendering the fee motion moot.

The second legal issue Mr. Wang would brief, in opposing the fee motion, is whether Defendants' failure to file an action or claim for such fees (as distinct from a mere motion) is fatal to their request. Civil Rights Law § 70-a(1), authorizes anti-SLAPP movants to "maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees" and does not authorize the seeking of such fees by motion. When, as here, the movant has failed to file a fee *action or claim*, there is a significant legal issue as to whether that failure makes the fee *motion* non-cognizable. On this issue, Judge Oetken's decision in *Bobulinski* (permitting fee motions) is again the outlier. Other Judges in the Second Circuit have strictly enforced the action or claim requirement, rejecting the notion that anti-SLAPP awards can be sought by mere motion. *See*, *e.g.*, *Chinese Ams. Civ. Rights Coal., Inc. v. Trump*, 2022 U.S. Dist. LEXIS 82562 (S.D.N.Y. May 6, 2022) ("statute requires that an applicant for attorney's fees 'maintain an action, claim, cross claim, or counterclaim,' and not simply assert a request as part of a motion to dismiss"); *Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*, 551 F. Supp.3d 320, 333 (S.D.N.Y. 2021) ("[T]he statute requires that *a pleading* of some sort be filed in order to collect attorney's fees; even a cross-motion for fees would appear to be inadequate under Section 70-a(1).") (emphasis in original). *See also 315 West Enterprises LLC v. Robbins*, 171 A.D.3d 466, 467 (1st Dep't 2019) (after referencing the provision of Section 70-a authorizing recovery of attorney's fees by maintaining "an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees"—holding that provision "must be strictly construed"). Although the *315 West Enterprises* decision interpreted the original version of New York's anti-SLAPP law, the "action or claim" language of Section 70-a that the court strictly enforced remains in the current, amended version of Section 70-a.

The third legal issue Mr. Wang would brief is whether New York's anti-SLAPP law, including its mandatory fee shifting provision, violates the right to petition clause of the First Amendment. In *BE&K Constr. Co. v. NLRB*, the Supreme Court stressed that unsuccessful lawsuits can fall within the scope of the First Amendment's protection because "the genuineness of a grievance does not turn on whether it succeeds," and that "even unsuccessful but reasonably based suits advance some First Amendment interests." 536 U.S. 516, 523-24, 532 (2002). While some states have upheld their anti-SLAPP lawsuits against First Amendment challenges, other states have not. *See Davis v. Cox*, 351 P.3d 862, 872 (Wash. 2015) (holding that Washington's anti-SLAPP law violated the First Amendment)*; Corp. v. Holmes Prods. Corp.*, 691 N.E.2d 935, 943 (Mass. 1998) (holding that state anti-SLAPP statute raises First Amendment concerns because "unless it can be shown to be sham petitioning, the statute impinges on the [plaintiff's] exercise of its right to petition").

None of these three complex legal issues, nor the intricate factual questions surrounding Defendants' specific fee request, will have to be adjudicated, if *either* Mr. Wang prevails on his appeal or if the Second Circuit holds in *Bobulinski* that either Section 70-a is unenforceable in federal court or that its action or claim requirement must be strictly enforced.

**CARTER LEDYARD MILBURN**
-3-

 Given the time-consuming briefing and adjudication that would lie ahead to litigate the fee motion, in light of the possibility that these issues will be rendered moot, respectfully, it is inefficient to burden the Court and the parties with further briefing of these issues right now. Defendants' motion cites a decision from a state court Judge in the *Isaly* case, but in that case Justice d'Auguste also noted that: "[p]ausing for a dispositive [appellate] ruling … is a widespread and laudable practice" because such a pause "promotes judicial efficiency" by "avoiding needless practice that could have been avoided."  *See Isaly v. Garde*, Index No. 160699/2018, NYSCEF No. 164 at 8-9 (Sup. Ct. N.Y. Cty, June 27, 2023).

 Not only would it be more efficient to defer the briefing and decision of fee shifting issues that may become moot, but there is little prejudice to Defendants in doing so.  By contrast, another round of briefing would divert Mr. Wang's limited resources—his money and his attorneys' time—from their focus on Mr. Wang's own appeal in this action (which he expects to expedite), as well as from ongoing work in the related action brought by Mr. Wang which is also pending in this Court.

 The current deadline for Mr. Wang to respond to the fee motion is Monday, February 10. In response to Mr. Wang's request that Defendants consent to a pause of briefing on the fee motion, either until a decision is issued in Wang's appeal or, at a minimum, while this letter application to defer is under the Court's consideration, Defendants conveyed their consent only to a two-week extension of time, and that they would oppose further deferral of briefing on their fee motion.  Defendants did not apprise us of a reason for taking that position.  In any event, Mr. Wang respectfully requests that the Court temporarily adjourn his obligation to respond to the fee motion, pending its adjudication of this request.

 This is Plaintiff's first request to adjourn this motion. There are no other pending deadlines.

             Sincerely,

              /s/ Alan S. Lewis

             Alan S. Lewis

ASL:bp

cc: **VIA ECF**
   All Counsel of Record