IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIANG WANG,<br><br>                **Plaintiff**,<br><br>v.<br><br>SAMMY SUSSMAN; VOX MEDIA, LLC;<br>NEW YORK MEDIA, LLC,<br><br>                **Defendants**. | Civil Action No. 1:24-cv-03987-AS |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 59(e), 60(a)**

Katherine M. Bolger
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Telephone:   (212) 489-8230
Facsimile:    (212) 489-8340
katebolger@dwt.com

*Counsel for Defendants Sammy Sussman; Vox
Media, LLC; New York Media LLC*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ...................................................................................................... 1

ARGUMENT ................................................................................................................................ 2

I. PLAINTIFF'S MOTION FOR RECONSIDERATION IS IMPROPER AND WITHOUT MERIT ........................................................................................................ 3

II. PLAINTIFF'S MOTION TO CORRECT IS IMPROPER AND WITHOUT MERIT ...... 7

CONCLUSION ............................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
   684 F.3d 36 (2d Cir. 2012)............................................................................................3, 4

*Beneficient v. Gladstone*,
   No. 23-cv-376, 2024 WL 2338256 (E.D. Tex. May 22, 2024) .........................................5, 6, 7

*Biro v. Condé Nast*,
   883 F. Supp. 2d 441 (S.D.N.Y. 2012)....................................................................................6

*Farah v. Esquire Mag.*,
   736 F.3d 528 (D.C. Cir. 2013) ...............................................................................................5

*Hines v. BMG Rights Mgmt. (US) LLC*,
   711 F. Supp. 3d 200 (S.D.N.Y. 2024).....................................................................................7

*In re Health Mgmt. Sys., Inc. Sec. Litig.*,
   113 F. Supp. 2d 613 (S.D.N.Y. 2000).....................................................................................3

*Metabolife Int'l, Inc. v. Wornick*,
   72 F. Supp. 2d 1160 (S.D. Cal. 1999).....................................................................................4

*Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*,
   970 F.3d 133 (2d Cir. 2020)....................................................................................................3

*Rezzonico v. H & R Block, Inc.*,
   182 F.3d 144 (2d Cir. 1999)................................................................................................7, 8

*Salamone v. Douglas Marine Corp.*,
   111 F.4th 221 (2d Cir. 2024) ..................................................................................................3

*Samuels v. Air Transp. Loc. 504*,
   992 F.2d 12 (2d Cir. 1993)......................................................................................................4

*Tah v. Glob. Witness Publ'g*,
   413 F. Supp. 3d 1 (D.D.C. 2019) ...........................................................................................5

*Tomblin v. WCHS-TV8*,
   434 F. App'x 205 (4th Cir. 2011) ..........................................................................................4

*USA Certified Merchants, LLC v. Koebel*,
   273 F. Supp. 2d 501 (S.D.N.Y. 2003).....................................................................................3

*Wang v. The Philharmonic-Symphony Society of New York, Inc.*,
    No. 24-cv-03348 (S.D.N.Y. May 1, 2024) ...................................................................8

*White v. Fraternal Order of Police*,
    909 F.2d 512 (D.C. Cir. 1990) ....................................................................................6

*Winkler v. Grant*,
    No. 07-cv-6280, 2008 WL 3539898 (W.D.N.Y. Aug. 12, 2008) ...............................3

**State Cases**

*Aboutaam v. Dow Jones & Co.*,
    180 A.D.3d 573 (1st Dep't 2020) ................................................................................4

*Dallas Morning News, Inc. v. Tatum*,
    554 S.W.3d 614 (Tex. 2018) ....................................................................................6, 7

*Stepanov v. Dow Jones & Co.*,
    120 A.D.3d 28 (1st Dep't 2014) ..............................................................................2, 6

**Rules**

Federal Rule of Civil Procedure 59 ....................................................................... 1, 2, 3, 7

Federal Rule of Civil Procedure 60 ....................................................................1, 2, 7, 8, 9

Defendants Sammy Sussman; Vox Media, LLC; and New York Media LLC (collectively, "Defendants") submit this memorandum of law respectfully requesting that the Court deny Plaintiff Liang Wang's ("Plaintiff" or "Wang") motion under Federal Rules of Civil Procedure 59(e) and 60(a).

## PRELIMINARY STATEMENT

This Court wrote a well-reasoned and thoughtful opinion dismissing Wang's complaint and entering judgment. Wang's motion to amend or alter that judgment pursuant to Rule 59(e) and Rule 60(a) should be denied. As to his Rule 59 argument, Wang has not demonstrated an intervening change of controlling law, new evidence, a clear error, or the need to prevent manifest injustice such that this Court should reconsider its earlier decision (in fact, he does not even mention that is the test). Instead, he simply and impermissibly seeks to reargue the same points he lost at the motion to dismiss stage. And as to the Rule 60(a) argument, Wang asks this Court to correct a supposed factual error based on new facts outside the pleadings that, in any event, did not factor in this Court's analysis in granting the motion to dismiss. Wang's arguments under both rules, therefore, fail. This Court should deny the motion to amend or alter the judgment.

## FACTUAL BACKGROUND

This is a defamation lawsuit arising out of an article appearing on New York Magazine's Vulture website (the "Article"), as well as a podcast in which the article's author, Sammy Sussman, participated (the "Podcast"). Defendants moved to dismiss the Complaint, and after hearing oral argument, this Court granted Defendants' motion on January 13, 2025. *See* ECF No. 67 ("Opinion & Order).

In dismissing the Complaint, the Court first found that "Wang fail[ed] to plausibly allege a claim of express defamation." *Id.* at 7–10. The Court then examined Wang's claim that the Article defamed him by implication, explaining that Wang alleged that "the article and podcast

1

have two defamatory implications: that Wang drugged [Cara] Kizer and that the [New York] Philharmonic fired Wang because of Kizer's allegations." *Id.* at 11. The Court correctly noted that, under New York law, it was not enough for the Article or Podcast to have the defamatory implication—they must also "affirmatively suggest that the author intended or endorsed that inference." *Id.* at 11 (quoting *Stepanov v. Dow Jones & Co.*, 120 A.D.3d 28, 37 (1st Dep't 2014)).

As to the drugging implication, the Court first found that the Article "can't be reasonably read to imply" that Wang drugged Kizer, but "[e]ven if" it could, "Wang ha[d]n't shown that this inference is one Sussman wanted readers to draw," as is required under New York law. *Id.* at 11–12. The Court also found that "[t]he same goes for the [alleged drugging implication] in the podcast interview." *Id.* at 12. Similarly, as to the firing implication, the Court found that neither the Article nor the Podcast could be understood to contain an "intended defamatory innuendo." *Id.* at 13–14. In so holding, among other reasons, the Court noted that, unlike cases finding intent or endorsement of a defamatory implication, the Article "supplies its reader with ready access to the truthful information"—*i.e.*, that Wang was fired for "unrelated allegations of sexual misconduct" (Article) or "separate allegations . . . of sexual misconduct" (Podcast). *Id.* at 13–14. On this basis, the Court dismissed the Complaint.

As relevant to this motion, in the Background section of its Opinion & Order, the Court noted: "The article was further updated on November 5, 2024 to reflect [Matthew] Muckey's and Wang's dismissal from the Philharmonic after a separate investigation post-dating the events at issue in this case. Wang's claims do not involve this update." Opinion & Order at 5 n.1.

**ARGUMENT**

This Court should deny Wang's motion pursuant to Rules 59 and 60 because he has not satisfied the high standard for reconsideration or amendment.

2

I.   **PLAINTIFF'S MOTION FOR RECONSIDERATION IS IMPROPER AND WITHOUT MERIT**

This Court should deny the Rule 59 motion because it is nothing more than an effort to relitigate the arguments Wang has already lost. Although you would not know it from Wang's motion, which notably fails to set forth the standard for a Rule 59 motion, "[a] court may grant a Rule 59(e) motion only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (cleaned up). The decision to grant a Rule 59(e) motion is committed to this Court's discretion. *See Salamone v. Douglas Marine Corp.*, 111 F.4th 221, 232–33 (2d Cir. 2024). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *USA Certified Merchants, LLC v. Koebel*, 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)); *see also Winkler v. Grant*, No. 07-cv-6280, 2008 WL 3539898, at *1 (W.D.N.Y. Aug. 12, 2008) ("The standard under which a motion for reconsideration is considered is strict, and such motions are rarely granted."), *aff'd*, 370 F. App'x 145 (2d Cir. 2010). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).

Here, Wang's Rule 59 motion is addressed *only* to the Court's holding that neither the Article nor the Podcast had the "intended defamatory innuendo" that Wang was fired because of Kizer's allegations. Initially, all of the arguments Wang purports to make were made to, and carefully considered by, the Court at the motion to dismiss stage. *Compare* ECF No. 44 (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss), at 4, 6–8, *with* ECF No.

3

82 (Plaintiff's Memorandum of Law in Support of Motion to Amend/Alter and Correct Judgment), at 2–5. Wang's arguments should be rejected on that basis alone. *See Analytical Surveys*, 684 F.3d at 52.

Even if this Court were to take on the merits of Wang's arguments, his motion should still be denied. *First*, Wang (at 2–3) argues that the Court erred by failing to give more weight to his allegation that someone else's reporting in the "Violin Channel" is somehow dispositive of what the Article meant and the Defendants intended as a matter of law. This argument is flatly incorrect. *Even if* the Article could be read to imply (as Wang claims the Violin Channel read it) that Wang was fired because of Kizer's allegations,[1] it would not disturb this Court's conclusion that the Article lacked any intent or endorsement of such implication. In addition, the Court's decision not to consider matters outside the pleadings at the 12(b)(6) stage is clearly correct. *Samuels v. Air Transp. Loc. 504*, 992 F.2d 12, 15 (2d Cir. 1993). And even if this Court could consider matters outside the proceedings, whether a statement is susceptible of a defamatory interpretation is a question of law for the Court. It cannot be determined by external evidence. *See Aboutaam v. Dow Jones & Co.*, 180 A.D.3d 573, 575 (1st Dep't 2020) ("The motion court properly declined to consider the survey proffered by plaintiff. Whether a statement is defamatory is a legal question to be determined by the court, not by survey participants." (citation omitted)); *Metabolife Int'l, Inc. v. Wornick*, 72 F. Supp. 2d 1160, 1173 n.17 (S.D. Cal. 1999) (declining to consider survey evidence offered to show defamatory implication, since it "does not assist the Court in making the threshold determination of law" of "whether a statement carries an alleged implication"), *aff'd in relevant part*, 264 F.3d 832 (9th Cir. 2001); *Tomblin v. WCHS-TV8*, 434 F. App'x 205, 212 (4th

---

[1] Defendants maintain and reserve all of the positions taken in their motion to dismiss briefing, including that the Article did not make the alleged implications to begin with. *See* ECF No. 25, at 7–9, 13–14.

Cir. 2011) (affirming exclusion of third parties' opinions regarding the alleged defamatory meaning of a broadcast, and noting that such opinions are "unhelpful"). Even the case on which Wang purports to rely acknowledges that "the test is not whether some actual readers were misled, but whether the hypothetical reader could be (after time for reflection)." *Tah v. Glob. Witness Publ'g*, 413 F. Supp. 3d 1, 10 (D.D.C. 2019) (cleaned up) (quoting *Farah v. Esquire Mag.*, 736 F.3d 528, 537 (D.C. Cir. 2013), This Court was, therefore, correct in refusing to take as dispositive the stray comments of a reporter on the Violin Channel.

*Second*, Wang (at 3–4) claims the Court erred by finding the Article "supplies its readers with ready access to the truthful information." Wang is wrong. As the Court correctly held, the Article does provide the reader with truthful information about Wang's termination by the Philharmonic. The Article "referenc[es] 'the allegations Kizer made *against Muckey*'" (as opposed to Wang) and "refers specifically to 'unrelated allegations' against Wang." Opinion & Order at 13 (quoting ECF No. 26-1 ("Article") at 9). To be sure, Wang would like the Article to have more clearly made the point that Wang was not terminated based on Kizer's allegations. But his preferences do not undercut the Court's correct holding that Defendants supplied the readers with truthful information regarding the circumstances of Wang's termination.

*Third*, Wang (at 3) argues that the Court erred by "citing no authority for the idea that a defendant is immune from a claim of defamation by implication where its challenged publications contained some content that could be read to 'undercut the false suggestion.'" Wang's insistence that the Court cited no law is incorrect: the Court devoted whole paragraphs of the Opinion to discussing cases finding intent or endorsement in cases involving defamation by implication. *Id.* at 13–14. And in any event, the one case Wang relies on to counter the Court's conclusion, *Beneficient v. Gladstone*, No. 23-cv-376, 2024 WL 2338256 (E.D. Tex. May 22, 2024), does not

5

do so. *Gladstone* is a Texas opinion citing Texas law and, as discussed below, Texas law of defamation by implication differs significantly from New York law (which all parties agree applies here). In any event, the facts of that case are distinct from those at issue here. In that case, the court found that the publication did not adequately convey the facts that undercut the defamatory content, noting that the publication's description of the exonerating material was "a technical distinction" that the reader could see as "immaterial." *Id.* at *6. Here, the Article's truthful information was sufficiently clear to eliminate any plausible intent or endorsement of a defamatory implication.

*Finally*, Wang (at 4) argues without any support from New York law that if a statement can be plausibly read as containing a defamatory implication, that "requires the conclusion" that it also plausibly intended or endorsed that implication. Wang is simply incorrect. It is beyond dispute that under New York law, where a plaintiff alleges a claim for defamation by implication, he must make "an 'especially rigorous showing' that (1) the language may be reasonably read to impart the false innuendo, *and* (2) the author intends or endorses that inference." *Biro v. Condé Nast*, 883 F. Supp. 2d 441, 466 (S.D.N.Y. 2012) (emphasis added) (citation omitted); *accord Stepanov*, 120 A.D.3d at 36–37. Importantly, "if a communication, viewed in its entire context, merely conveys materially true facts from which a defamatory inference can reasonably be drawn, the libel is not established." *Stepanov*, 120 A.D.3d at 36 (alteration omitted) (quoting *White v. Fraternal Order of Police*, 909 F.2d 512, 520 (D.C. Cir. 1990)). Wang's argument that the existence of a defamatory implication establishes the existence of defamatory intent, therefore, is directly contrary to well-established New York law.

Perhaps that is why in his brief, Wang cites only to Texas law. *See Beneficient*, 2024 WL 2338256; *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614 (Tex. 2018). Under Texas law,

6

which divides implied defamation into "defamatory gist" and "discrete implication," "[t]he mere existence of a defamatory gist is 'presumptive evidence that the publisher intended to convey the relevant meaning.'" *Beneficient*, 2024 WL 2338256, at *5 (alteration in original) (quoting *Dallas Morning News*, 554 S.W.3d at 636). This is not the law in New York; there is no basis under Rule 59 to amend the judgment.

## II.  PLAINTIFF'S MOTION TO CORRECT IS IMPROPER AND WITHOUT MERIT

This Court should also deny Wang's request to, as he puts it, "correct" footnote 1 of the Opinion & Order. Federal Rule of Civil Procedure 60(a) permits a court to "correct a clerical mistake or a mistake arising from oversight or omission . . . in a judgment, order, or other part of the record." "In deciding whether Rule 60(a) applies, courts distinguish between changes that implement the result intended by the court at the time the order was entered and changes that alter the original meaning to correct a legal or factual error, because Rule 60(a) allows for the former, but not the latter." *Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 150–51 (2d Cir. 1999) (citation omitted); *accord Hines v. BMG Rights Mgmt. (US) LLC*, 711 F. Supp. 3d 200, 208 (S.D.N.Y. 2024).

Here, Wang is seeking merely to correct a factual error, which is impermissible under Rule 60. In particular, Wang (at 5) complains of the Court's statement in a footnote that the Article "was further updated on November 5, 2024 to reflect Muckey's and Wang's dismissal from the Philharmonic after a separate investigation post-dating the events at issue in this case. Wang's claims do not involve this update." Decision & Order at 5 n.1. Wang (at 5–6) argues that the footnote is incorrect and the Court should correct it because the "suggest[ion] that Wang's termination by the Philharmonic, in the autumn of 2024, was based on a 'separate investigation post-dating the events at issue in this case . . . is demonstrably false"—that is, Wang says "the Philharmonic did *not* rely on any investigative findings in terminating Wang."

7

Several serious problems plague this argument.  *First*, as noted, it does not fall within the permissible scope of a Rule 60(a) motion, which is to identify "changes that implement the result intended by the court at the time the order was entered," *not* "changes that alter the original meaning to correct a legal or factual error."  *Rezzonico*, 182 F.3d at 150–51.  Here, Wang is simply asking to change a purported factual error.  But this change would have no effect on the order:  the footnote itself states "Wang's claims do not involve this update."  Decision & Order at 5 n.1.  Plaintiff's Rule 60(a) motion should be denied on that basis alone.

*Second*, Wang's motion, which relies on extrinsic evidence, is an effort to use Rule 60 as a vehicle to make a larger point about Wang and the Philharmonic unrelated to this litigation.  As Wang (at 7) recognizes, he has "not *yet* amended his Complaint to incorporate any claims relating to the November 5, 2024 amended Article" (emphasis in original).  So, the purported correction has nothing to do with the merits of the dismissal order.  Nonetheless, Wang devotes pages of his brief discussing extrinsic evidence that he claims proves this Court wrong.  But Wang's (at 5) desire to correct the record as to matters outside this dispute is not a proper basis for a Rule 60 motion, which is designed to allow the Court to "correct a clerical mistake or a mistake arising from oversight or omission."  Fed. R. Civ. P. 60(a).

*Finally*, there is no reason to grant the Rule 60 motion because, by Wang's own admission in related litigation, the footnote already correct.  In his complaint in *Wang v. The Philharmonic-Symphony Society of New York, Inc.*, No. 24-cv-03348 (S.D.N.Y. May 1, 2024), Wang specifically alleged, among other things, that "[t]he Philharmonic attributed the [April 2024] suspensions of Wang and Muckey to a new investigation it announced simultaneously with the suspensions," *id.*, ECF No. 1 (Complaint) ¶ 9, and he does not (nor can he) deny that his November 2024 termination was "after" that.  *See also* Decision & Order at 5 n.1 (Wang was terminated "after a separate

8

investigation post-dating the events at issue in this case."). The footnote does not need correction. The Rule 60 motion should be denied.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request this Court grant their motion for an award of attorneys' fees and such other and further relief as it deems just and proper.

Dated: New York, New York
February 21, 2025

                                    Respectfully submitted,

                                    DAVIS WRIGHT TREMAINE LLP

                                    By: /s/ Katherine M. Bolger
                                    Katherine M. Bolger (N.Y. Bar No. 2976868)
                                    1251 Avenue of the Americas, 21st Floor
                                    New York, NY 10020-1104
                                    (212) 489-8230 Phone
                                    (212) 489-8340 Fax

                                    *Counsel for Defendants*

TO:    Karen Eileen Meara
         Carter Ledyard & Milburn LLP
         28 Liberty Street - 41st Floor
         New York, New York 10005
         212-238-8757
         Fax: 212-732-3232
         Email: meara@clm.com

         Alan S. Lewis
         Carter Ledyard & Milburn LLP
         28 Liberty Street
         41st Floor
         New York, NY 10005
         917-533-2524
         Fax: 212-732-3232
         Email: lewis@clm.com

         *Counsel for the Plaintiff*

**CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATIONS**

I hereby certify that the word count of this memorandum of law complies with the word limits of Local Civil Rule 7.1(c). According to the word-processing system used to prepare this memorandum of law, the total word count for all printed text exclusive of the material omitted under Local Civil Rule 7.1(c) is 2,793 words.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:   February 21, 2025
　　　　　　　　　　　　　　　　　　　*/s/ Katherine M. Bolger*
　　　　　　　　　　　　　　　　　　　Katherine M. Bolger
　　　　　　　　　　　　　　　　　　　DAVIS WRIGHT TREMAINE LLP
　　　　　　　　　　　　　　　　　　　1251 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　21st Floor
　　　　　　　　　　　　　　　　　　　New York, New York 10020
　　　　　　　　　　　　　　　　　　　Telephone:  (212) 402-4068
　　　　　　　　　　　　　　　　　　　Facsimile:  (212) 489-8340
　　　　　　　　　　　　　　　　　　　katebolger@dwt.com

　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*