# CARTER LEDYARD MILBURN

**Alan S. Lewis**
Partner
lewis@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8647

> In light of the circumstances identified by counsel, plaintiff's opposition to the fees motion may be submitted on or before April 25, 2025. The application for additional pages is denied. The Clerk of Court is respectfully requested to terminate Dkt. 94.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
>
> Dated: March 10, 2025

March 9, 2025

**VIA ECF**

Hon. Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 15
New York, NY 10007-1312

Re:   *Wang v. Sussman, et al.*, No. 1:24-cv-03987 (AS) (RWL),
[rel. 1:24-cv-03356 (AS) (RWL)], [rel. 1:24-cv-03348 (AS) (RWL)]

Dear Judge Subramanian:

     We write to renew Mr. Wang's motion to stay briefing of Defendants' fee motion in light of developments that have occurred since the Court's February 12 orders denying a stay and requiring a response by March 14.  ECF Nos. 84, 86.  As explained below, these developments pertain to both the merits of the underlying issues regarding the availability of the fees sought by defendants and to the respective harms that would flow to the different parties from granting or denying a stay.

**The *Bobulinksi* Appeal Has Since Been Perfected and is on a Fast Track**

     In the single sentence of their submission arguing against a "likelihood of success" that could support a stay, Defendants confined themselves to whether Wang would succeed in overturning the Rule 12(b)(6) dismissal of his complaint. *See* ECF No. 83 (first full sentence on page 2).   But this factor is not limited to Wang's likelihood of success in his own appeal.  Instead, courts considering a stay also consider the likelihood that the adjudication of a dispositive issue relevant to the application for a stay will occur in a different case.  For example, in *Goldstein v. Time Warner*, 3 F.Supp.2d 423 (S.D.N.Y. 1998), Judge Sand held that "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  (quoting *Leyva v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 864 (9th Cir. 1979), *cert. denied,* 444 U.S. 827, 100 S.Ct. 51, 62 L.Ed.2d 34 (1979)).  Applying that principle, Judge Sand concluded that "efficiency considerations dictate that the surviving Causes of Action in both *Gruberg I* and *Gruberg II* should be stayed pending resolution of the *ValueVision* appeal currently before the Court of Appeals for the District of Columbia Circuit."  *Goldstein*, 3 F.Supp.2d at 439.  Other courts in this Circuit "regularly stay cases where an appeal in a related case will resolve (or at least greatly simplify) the issues in the stayed case." *Joiner v. NHL Enterprises, Inc.*, No. 23-cv-2083 (LAK)(BCM), 2024 WL 639422, at *2 (S.D.N.Y. Feb. 15, 2024) (quoting *In re Zimmer*, 2021 WL 5963392, at *4 (S.D.N.Y. Dec. 16, 2021)); *see also Loftus v. Signpost Inc.,* 464 F. Supp. 3d 524, 527 (S.D.N.Y.

2020) (granting a stay where the higher court's decision, even if not entirely dispositive of issues in the case, "could contain guidance that would allow [the] litigation to proceed on a reasonable and efficient basis."). Notably, Defendants' interest in opposing a stay of its fee application in this case is considerably less weighty than in some of the above-described matters in which *entire lawsuits* were stayed based on anticipated rulings in different lawsuits, further underscoring the point that a stay of the fee litigation here would be entirely consistent with how courts have ruled on stay applications in this context.

On February 25, 2025, the appellants perfected their appeal from the district court's order in *Bobulinski v. Tarlov*, ___ F. Supp. 3d ___, 2024 WL 4893277 (S.D.N.Y. Nov. 26, 2024), raising two issues whose resolution will very likely also determine whether or not Defendants' fee application in this case is viable: (i) the unavailability of the state anti-SLAPP fee seeking procedure in federal court under the *Erie* doctrine, and (ii) the lack of eligibility for fees absent the filing of a formal cause of action seeking fees. Both issues are now on a fast track to resolution by the Second Circuit, with the appeal being heard on an expedited schedule and the appellee's brief due April 1, just three weeks from now. Appellants' brief in *Bobulinski* vigorously attacks the notion that New York anti-SLAPP fees can be awarded in federal court, an argument that plainly has substantial merit given that several Judges in this Circuit have already so held and given similar hostility to the enforcement of state anti-SLAPP fee shifting procedures in federal courts nationwide. Appellants' brief likewise challenges the power of courts to award such fees absent the filing of a formal cause of action as contemplated by N.Y. Civ. R. Law 70-a. This issue similarly has significant merit, in light of the decisions of several district court judges interpreting state law as not authorizing the seeking of such fees when they are not sought by formal claim or counterclaim. *See also 315 West Enterprises LLC v. Robbins*, 171 A.D.3d 466, 467 (1st Dep't 2019) (holding that language in N.Y. Civ. R. Law 70-a.1 *retained verbatim* in the 2020 anti-SLAPP amendments (authorizing fee shifting sought by filing "an action, claim, cross claim or counterclaim") "must be strictly construed").

That these issues are now hurtling toward a resolution in the Second Circuit significantly weakens Defendants' argument against a stay. Notably, in opposing a stay, Defendants compared their fee motion to *Estevez v. Berkeley Coll.*, No. 18-cv-10350, 2022 WL 1963659, at *2 (S.D.N.Y. June 6, 2022). But the reasoning of that cherry-picked case, when closely examined, better supports Wang's motion for a stay, not Defendants' opposition. Defendants reference the denial of a stay in *Estevez* where the denial merely required litigating the "fees issue" "now instead *of later*," (ECF No 84) - implying the same is true here. But this case presents the very opposite of the "now versus later" scenario that drove the outcome of the stay request in *Estevez*. Here, in contrast, given the recent perfection of the appeal in *Bobulinksi*, this is a case in which denial of a stay would likely have the parties fully adjudicating the fees issue <u>now instead of **never**</u>. That is, the Second Circuit's ruling in *Bobulinski* is likely to obviate, forever, the need for further argument of the legal issues pertaining to the fee motion made by Defendants here. This is true, *regardless* of how the Second Circuit in *Bobulinksi* adjudicates the two issues key to that appeal. If, on the one hand, the Second Circuit decides that New York anti-SLAPP fees may not be awarded in federal court or disallows fee motions made without a preceding claim or counterclaim, either holding would foreclose Defendants' fee motion in this case. And on the other hand, if the Second Circuit affirms the district court's decision in *Bobulinksi*, the two main arguments Wang *would have* briefed before this Court would be foreclosed. Either way, the resolution of the fees issues in *Bobulinksi* will substantially simplify, and potentially eliminate entirely, the need for the litigation of the fees issues in this

case, either in this Court or on appeal to the Second Circuit.  In sum, and to paraphrase Judge Sand, not only is *Bobulinski* a case that "bears upon" the fee shifting issue in this case, it also is likely to be dispositive of those issues.

Further, a stay would serve judicial efficiency and greatly conserve the parties' time and efforts.  A stay "will ultimately enhance the Court's ability to consider each of defendants' viable arguments efficiently," and obviate the need for both parties to brief the issues that the Second Circuit will soon likely resolve in *Bobulinski*. Joiner, 2024 WL 639422, at *2.

**Recent Developments Aggravating the Harm to Plaintiff and his Counsel.**  Since the Court denied a stay and set March 14 as our deadline, the strain on my available time caused by both my father's condition and other intervening legal matters has become extreme.  My father has been continuously hospitalized since 2 am on February 25, and while he had life-saving surgery in the interim (five days ago), he has continued to decline and was transferred yesterday to a palliative care facility not close to my home.  The additional demands on my time created by these circumstances are extensive and permit me to spend less of my time on anything else in the near term.  In this same period, three new deadlines, two of which are unalterable, have been thrust into my schedule.  The first involves an application to seek leave to appeal to the New York Court of Appeals.  The 30-day deadline from an adverse appellate division decision is statutory: in response to my inquiry this week, the Court of Appeals advised that *no* set of personal circumstances provide a basis for an extension.  The second such matter relates to a Fifth Circuit criminal appeal in which I secured an extension (yesterday) until March 28, but as to which no further extensions are permitted.  The third such deadline also falls on March 28 – the deadline recently imposed by this Court in Wang's lawsuit against the Philharmonic for him to file an amended complaint based on new events (and raising new claims).

While I started work on Mr. Wang's response to the fee application with a view toward the March 14 due date, I was then deflected by the above-described personal and work related circumstances, and to the extent I must take myself away from family matters to do legal work in the new few weeks, it must go first toward the matters in which I have non-extendable deadlines.  I also have a family vacation scheduled for the school period of April 11-20 (rescheduled twice after having to cancel it during the December and February holiday periods because of my family circumstances).  In this light, the extension we would seek, if this renewed request for a stay is denied, would be until April 25 – but we note that by then, the *Bobulinksi* appeal is likely to be fully briefed and hence even closer to resolution.

Should the Court not grant a stay, we also respectfully request permission to file a forty-page brief in opposition to the fee request, given the four complex legal and factual issues it would have to address. Having drafted this letter over the weekend between hospital visits and wanting not to defer its filing under the circumstances, we have not yet asked Defendants for their position but note their past opposition to any stay.  Given the significance to Mr. Wang and his counsel of the stay request, should Defendants oppose it, we respectfully request an opportunity to reply. We also request a temporary deferral of the current March 14 deadline while the Court considers these requests.

**CARTER LEDYARD MILBURN**

-4-

                                Sincerely,

                                */s/ Alan S. Lewis*

                                Alan S. Lewis

ASL:sgm

cc:     **<u>VIA ECF</u>**
       All Counsel of Record